# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-5213**                                      **September Term, 2021**

**1:21-cv-02042-UNA**

**Filed On:** January 25, 2022

Charles L. Stringer,

      Appellant

    v.

John Downy, et al.,

      Appellees


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Rogers and Pillard, Circuit Judges, and Sentelle, Senior Circuit
             Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the brief filed by the appellant. See Fed. R. App. P.
34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed August 16,
2021, dismissing the case, and September 7, 2021, denying appellant's motion for relief
pursuant to Federal Rule of Civil Procedure 59(e), be affirmed. Although appellant's
complaint in this case named a somewhat different set of defendants than those named
in the complaint he filed in Stringer v. Downy, No. 20-cv-1898 (D.D.C. July 13, 2020),
the substance of the two complaints was essentially identical, the relief sought in each
was identical, and each suffered from the same jurisdictional defects. The district court
thus correctly dismissed the present complaint on the same grounds that the prior
complaint was dismissed. See Stringer v. Downy, No. 20-5277 (per curiam) (D.C. Cir.
June 1, 2021) (affirming dismissal in No. 20-cv-1898 on the same grounds articulated
by the district court).

Insofar as appellant argues that the district court should have permitted him to
amend his complaint or transferred the case to a more appropriate district court instead

of dismissing the case, he has not shown that amendment or transfer would have cured the jurisdictional defects inherent in the claims he raised in his complaint. Cf. Hettinga v. United States, 677 F.3d 471, 480 (D.C. Cir. 2012) (per curiam) ("A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss."). Furthermore, appellant has not demonstrated that the district court abused its discretion by dismissing his claims without allowing discovery, or in denying his motion to alter or amend the judgment. See Food Lion, Inc. v. United Food and Commercial Workers Intern. Union, AFL-CIO-CLC, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (district court's rulings on discovery matters reviewed for abuse of discretion); Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (district court's denial of Rule 59(e) motion reviewed for abuse of discretion).

　　　　Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:　　/s/
　　　　Daniel J. Reidy
　　　　Deputy Clerk